9 November 1999

NO. 4-98-1013

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DOCIA M. BARRICK,                    ) Appeal from

Plaintiff-Counterdefendant- ) Circuit Court of

Appellant, ) Logan County

v. ) No. 95L50

FRANCIS E. GRIMES, )

Defendant-Appellee, )

and )

WILLS TRUCKING, INC., ) Honorable

Defendant-Counterplaintiff- ) Gerald G. Dehner,

Appellee. ) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff-counterdefendant Docia M. Barrick  (plain­tiff) appeals from the judgment of the circuit court of Logan County entered on a jury verdict in favor of defendants Francis E. Grimes (Grimes) and Wills Trucking, Inc. (Wills Trucking), in this negligence action based on an intersection collision between an automobile driven by plaintiff and a semi-tractor trailer driven by Grimes for Wills Trucking.  Plaintiff argues this jury verdict is legally inconsis­tent with the verdict in her favor on Wills Trucking's counterclaim in negligence seeking to recover property damage to the truck.  We affirm.

Because plaintiff does not argue that either verdict is against the manifest weight of the evidence, we need not discuss the evidence presented at trial.  Suffice it to say that evidence was conflicting as to which driver had the red light at the time of the collision.  

Equally important is the fact that plaintiff does not 

challenge the propriety of the jury instructions in this appeal.  Some of the jury instructions are particularly relevant to this court's analysis.  One of the jury instructions given in this case advised the jury that plaintiff claimed defendants were negligent in failing to (1) keep a proper lookout for other vehicles and (2) obey a traffic control device.  That same instruction informed the jury that defendants claimed plaintiff was negligent by (1) operating her motor vehicle at an excessive rate of speed, (2) failing to reduce the speed of her vehicle to avoid a collision, (3) failing to exercise safe and proper control of her motor vehicle, (4) failing to keep a safe and proper lookout for other vehicles, and (5) failing to obey a traffic control device.

The jurors were told (1) it was their duty to determine the facts from the evidence produced in open court (Illinois Pattern Jury Instructions, Civil, No. 1.01 (3d ed. 1995) (herein­af­

ter IPI Civil 3d)); (2) in determining whether any proposition was proved, they were to consider all the evidence regardless of which party produced it (IPI Civil 3d No. 1.02); (3) facts could be proved by circumstantial evidence giving rise to an inference of the truth of the fact sought to be proved (IPI Civil 3d No. 1.03); (4) they were to serve as judges of the credibility of witnesses and the weight to be given their testimony (IPI Civil 3d No. 2.01); and (5) in deciding whether a fact had been proved, they could consider the number of witnesses testifying on one side or the other as to that fact, but the number of witnesses alone was not conclusive if the testimony of the lesser number was more convinc

ing (IPI Civil 3d No. 2.07).  The jury was instructed it was the duty of a defendant to use ordinary care for the safety of a plaintiff and plaintiff's property in each of these cases and that meant a defendant had a duty to be free from negligence.  IPI Civil 3d No. 10.04.  The terms "negli­gence," "ordinary care," and "proximate cause" were defined for the jury.  IPI Civil 3d Nos. 10.01, 10.02, 15.01.  The jurors were also instruct­ed:

"When I say that a party has the burden of proof on any proposition, or use the ex­

pression 'if you find,' or 'if you decide,' I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true."  IPI Civil 3d No. 21.01.

In instructing the jury, the trial court explained that, because of the presence of a complaint and counterclaim, four  results were possible in this case, one possibility being that the jury could find against both the plaintiff on the complaint and against Wills Trucking on its counterclaim.  See IPI Civil 3d No. B21.04 (modified).  The instruction was given without objection.  The same modified instruction informed the jury that, in order for plaintiff to recover, she had the burden of proving the following proposi­tions:

"a. First, that the defendants, Francis E. Grimes and Wills Trucking, Inc., acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendants were negligent; 

b. Second, that Docia Barrick was injured and her property was damaged;

c. Third, that the negligence of the defen­

dants was a proximate cause of the injury to the plaintiff and the damage to the plaintiff's property."

See IPI Civil 3d No. B21.04.  The jury was told that, if it found all of those propositions proved, it should return a verdict for plaintiff, but if it found any of those propositions had not been proved, then the verdict should be for defendants.  Similarly, in the same modified instruc­tion, the jury was told that Wells Trucking had the burden of proving the following propositions to recover on the counterclaim:

"a. First, that the plaintiff, Docia Barrick, acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting or failing to act, the plaintiff was negligent;

b. Second, that the defendant's property was damaged;

c. Third, that the negligence of the plain­

tiff, Docia Barrick, was a proximate cause of the damage to Wills Trucking, Inc.'s property."

See IPI Civil 3d No. B21.04.  The jury was further instructed that if all of those propositions had been proved, it should return a verdict on the counterclaim for Wills Trucking, but if any of those propositions had not been proved, the verdict should be for plaintiff.

The jurors were informed that the verdicts must be unanimous and which of the verdict forms should be used depended on the findings on the complaint or counterclaim.  IPI Civil 3d No. B45.03.  The jury went out of the courtroom to begin deliberations at 12:47 p.m. on May 21, 1998.  At 3:48 p.m., the jury sent the following question to the trial judge:  "DO WE USE FORM B + D IF EITHER PARTY HAS NOT PROVEN EITHER PART[Y'S] FAULT OR GUILT?"  After consultation with counsel, and consistent with the instruc­

tions previously given in court, the trial court answered the question "yes."  At 4:08 p.m., the jury announced the following verdicts:  (1) on the complaint, in favor of defendants and against plaintiff; and (2) on the counterclaim, in favor of plaintiff (counterdefendant) and against Wills Trucking (counterplaintiff).  In open court, the jurors were polled and each was asked individu­

ally whether those were his or her verdicts, and each responded "yes."

Plaintiff's posttrial motion on the ground the verdicts were irreconcilably inconsistent was denied.  The trial court hypothesized that neither party met its respective burdens of proof.

Initially, we find the issue waived.  The plaintiff failed to object to defendants' tendered instruction No. 8, which informed the jury it could find against both the plaintiff on the complaint and Wills Trucking on the counterclaim.  The jurors chose an option they were instructed was a permissible option.  Moreover, when the jury asked what forms to use if it found the plaintiff and Wills Trucking had not carried their respective burdens of proof, plaintiff, without objecting that the two verdicts would be legally inconsistent, agreed that the trial court could respond to the question.  In spite of finding the issue waived, we address the merits.

The trial court's ruling on a motion for new trial will not be overturned unless it amounted to an abuse of discretion.  
Tedeschi v. Burlington Northern R.R. Co.
, 282 Ill. App. 3d 445, 448, 668 N.E.2d 138, 140 (1996).  A court exercises all reasonable presumptions in favor of the jury's verdict.  The verdicts are not legally inconsistent unless they are absolutely irreconcilable, and they are not irreconcilable if any reasonable hypothesis supports the verdicts.  
Kleiss v. Cassida
, 297 Ill. App. 3d 165, 175-76, 696 N.E.2d 1271, 1278 (1998).

Plaintiff argues that, on the facts of this case, one of the drivers must have been more than 50% negligent.  However, the case at bar was tried on an all-or-nothing basis.  There was no contributory negligence instruction.  See IPI Civil 3d No. 11.00 
et
 
seq
.  Comparative negligence verdict forms were not utilized.  Compare IPI Civil 3d No. B45.01.A, with IPI Civil 3d No. B45.01.B.  A modified version of IPI Civil 3d No. B45.01.A appears to have been utilized in this case with regard to the jury's findings on the complaint.  On the counter­claim, a modified form of IPI Civil 3d No. B45.02.E was used, but without making any mention of contributory negligence.  The issues instruction utilized in this case did not refer to contributory negligence.  See IPI Civil 3d No. 20.02 (modified).  From these jury instructions, it appears that the parties tried this case on the theory that either the collision was entirely plaintiff's fault or entirely the fault of defendants.  This interpretation is supported by the arguments of counsel in this case.  The proposition that a party may recover if less than 50% at fault was never explained to the jury.  Plaintiff has raised no issue on appeal concerning jury instruc­tions or any other error that required her to proceed at trial as she did.  The argument concerning 51% responsibility is without merit.

Here, the jury could have found plaintiff failed to prove defendants were negligent or failed to prove that the negligent acts of defen­dants were the proximate cause of the injury, even though defen­dants conceded that plaintiff was injured in the collision.  Similarly, the jury could have found that Wills Trucking failed to prove plaintiff was negligent or that her negligence proximately caused the damage to the truck.  The jury may well have felt that the evidence of which vehicle had the green light was so conflict­ing, inconclusive, and unsatisfactory that it simply could not determine from the evidence presented which party was negligent.  The verdicts are not legally inconsistent, and the denial of plaintiff's motion for new trial did not amount to an abuse of discretion.

The judgment of the circuit court of Logan County is affirmed.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.