TOMMIE REDMOND, Plaintiff and Counterdefendant-Appellee, v. ELAINE SOCHA, Defendant and Counterplaintiff-Appellant.

First District (3rd Division)   No. 1—03—3568

Opinion filed September 29, 2004.—Rehearing denied October 27, 2004.

Law Office of Christine Tennon, of Chicago (Lucia Montano, of counsel), for appellant.

Kroll & Rubin, Ltd., of Chicago (Robert E. Tracy, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant/counterplaintiff, Elaine Socha (hereinafter referred

to as the defendant), appeals from an order of the circuit court granting a new trial in this negligence action. For the reasons that follow, we affirm and remand this matter to the circuit court for further proceedings.

The facts material to our resolution of this appeal are undisputed. On July 4, 2001, the motorcycle that the plaintiff/counterdefendant, Tommie Redmond (hereinafter referred to as the plaintiff), was operating was struck in the rear by an automobile being driven by the defendant. As a result of the collision, the plaintiff filed the instant action seeking damages for personal injury and property damage. The defendant answered the complaint and filed both an affirmative defense alleging that the plaintiff was contributorily negligent and a counterclaim seeking damages for property damage.

The matter was tried before a jury. At trial, the plaintiff testified that he and two friends were riding their motorcycles on Ogden Avenue between Sacramento Boulevard and California Avenue. According to the plaintiff, he was traveling in a northeasterly direction in the right lane of traffic. He testified that, in preparation for making a left turn onto California Avenue, he looked over his shoulder prior to moving into the left lane and saw a vehicle behind the motorcycles being driven by his friends, who were also traveling in the right lane of traffic. He stated that, as he moved into the left lane, the automobile being driven by the defendant "shot" from behind his friends' motorcycles into the left lane of traffic and struck the left rear of his motorcycle. The plaintiff introduced evidence of the injuries he suffered as a result of the collision and the damages he sustained. In contrast, the defendant testified that she was driving her automobile in a northeasterly direction in the left lane of traffic on Ogden Avenue when the plaintiff, driving a motorcycle in the right lane, attempted to make a U-turn directly in front of her car. According to the defendant, she tried to stop, but the right front fender of her car struck the left rear of the plaintiff's motorcycle. The defendant introduced evidence of the damages to her vehicle as a result of the collision. Neither the plaintiff nor the defendant introduced evidence of any cause of the collision other than the negligence of the other.

The trial court instructed the jury, both orally and in writing, as to the burdens placed upon the respective parties. The instruction given was Illinois Pattern Jury Instructions, Civil, No. B21.04 (2000) (IPI Civil (2000) No. B21.04), which directed the jury as follows:

"In this suit, there is not only the complaint of the Plaintiff but also the counterclaim of the defendant.

Because there is a counterclaim in this case[,] you may reach one of four results.

First, you may find for the Plaintiff on his complaint and against the Defendant on her counterclaim.

Second, you may find for the [D]efendant on her counterclaim and against the Plaintiff on his complaint.

Third, you may find against both the Plaintiff on his complaint and the Defendant on her counterclaim.

Fourth, you may find for both, [sic] the Plaintiff on his complaint and the Defendant on her counterclaim.

In order for the Plaintiff to recover, he has the burden of proving each of the following propositions:

First, that the Defendant acted or failed to act in one of the ways claimed by the Plaintiff as stated to you in these instructions, and in so acting or failing to act, the Defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the Defendant was a proximate cause of the injury to the Plaintiff.

If you find from you[r] consideration of all of the evidence that any of these propositions has not been proved, then your verdict should be for the Defendant as to the Plaintiff's complaint. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved, then you must consider Defendant's claim that Plaintiff was contributorily negligent.

As to that claim, Defendant has the burden of proving each of the following propositions:

A: [sic] That the Plaintiff acted or failed to act in one of the ways claimed by the Defendant as stated to you in these instructions, and that in so acting or failing to act, the Plaintiff was contributorily negligent;

B. That Plaintiff's contributory negligence was a proximate cause of his injury.

If you find from your consideration of all the evidence that the Plaintiff has proved all the propositions required of the Plaintiff and that Defendant has not proved both of the propositions required of the Defendant, then your verdict should be for the Plaintiff and you will not reduce the Plaintiff's damages.

If you find from your consideration of all the evidence that the Plaintiff has proved all the propositions required of the Plaintiff and that Defendant has proved both of the propositions required of the Defendant, and if you find that the Plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the Defendant.

Finally, if you find from your consideration of all the evidence, that the Plaintiff has proved all the propositions required of the

Plaintiff and that Defendant has proved both of the propositions required of the Defendant, and if you find that the Plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the Plaintiff and you will reduce the Plaintiff's damages in the manner stated to you in these instructions.

In order for the Defendant to recover on her counterclaim, she has the burden of proving each of the following propositions:

First, that the Plaintiff acted or failed to act in one of the ways claimed by the Defendant as stated to you in these instructions, and in so acting or failing to act, the Plaintiff was negligent;

Second, that the Defendant's property was damaged;

If you find from your consideration of all of the evidence that each of these propositions has not been proved, then your verdict should be for the Plaintiff as to the Defendant's counterclaim. On the other hand, if you find from your consideration of all the evidence that each of these propositions have been proved, then you must consider the Plaintiff's claim that Defendant was contributorily negligent.

As to that claim, the Plaintiff has the burden of proving each of the following propositions:

A. That the Defendant acted or failed to act in one of the ways claimed by the Plaintiff as stated to you in these instructions and that in so acting, or failing to act, the Defendant was contributorily negligent;

B. That the Defendant's contributory negligence was a proximate cause of the damage to his [sic] property.

If you find from your consideration of all the evidence that the Defendant has proved all the propositions required of the Defendant and that the Plaintiff has not proved both of the propositions required of the Plaintiff, then your verdict should be for the Defendant on the counterclaim and you will not reduce the Defendant's damages.

If you find from your consideration of all the evidence that the Defendant has proved all the propositions required of the Defendant and that the Plaintiff has proved both of the propositions required of the Plaintiff, and if you find that the Defendant's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the Plaintiff on the Defendant's counterclaim.

Finally, if you find from your consideration of all the evidence, that the Defendant has proved all the propositions required of the Defendant and that the Plaintiff has proved both of the propositions required of the Plaintiff, and if you find that the Defendant's

contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the Defendant on the counterclaim and you will reduce the Defendant's damages in the manner stated to you in these instructions."

Following its deliberations, the jury returned verdicts in favor of the defendant on the plaintiff's complaint and in favor of the plaintiff on the defendant's counterclaim. Thereafter, the plaintiff filed a post-trial motion, requesting that the trial court enter a judgment notwithstanding the verdict or, in the alternative, grant the parties a new trial on the issue of damages only or a new trial on all issues.

The trial court granted the plaintiff's posttrial motion, set aside the jury's verdicts, and ordered a new trial. In so doing, the trial court found that the verdicts were inconsistent and against the manifest weight of the evidence, stating:

"I think that in this closed universe of facts which were elicited in this trial, there has to be a logical result. And the jury has to make a choice. It's not possible—not logically possible to find that an accident occurred without being anyone's fault."

Thereafter, the defendant filed a timely petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1) (166 Ill. 2d R. 306(a)(1)), which this court granted.

In urging reversal of the trial court's order granting a new trial, the defendant argues that the jury's verdicts were not against the manifest weight of the evidence or inconsistent. Her arguments seem to rest on the proposition that the jury could have found that "each party failed as to its required burden of proof" and, therefore, properly found in her favor on the plaintiff's complaint and in favor of the plaintiff on her counterclaim. The plaintiff contends that, in the absence of any evidence of an intervening cause of the collision, either the plaintiff or the defendant must have been negligent. As a consequence, he argues that the jury's verdicts were inconsistent and the trial court properly set the verdicts aside and ordered a new trial. We agree with the plaintiff.

In ruling on a motion for a new trial, the court weighs the evidence and sets aside the verdict and orders a new trial if the verdict is against the manifest weight of the evidence. *Mizowek v. De Franco*, 64 Ill. 2d 303, 310, 356 N.E.2d 32 (1976). A verdict is against the manifest weight of the evidence when an opposite conclusion is clearly evident or in circumstances where the jury's findings are unreasonable, arbitrary, or not based upon any of the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 454, 603 N.E.2d 508 (1992). A trial court's ruling on a motion for a new trial will not be overturned on appeal unless it amounts to an abuse of discretion. *Maple*, 151 Ill. 2d at 455.

1054

■ Verdicts are legally inconsistent when they are absolutely irreconcilable and unsupported by any reasonable hypothesis. *Kleiss v. Cassida*, 297 Ill. App. 3d 165, 175-76, 696 N.E.2d 1271 (1998). As noted earlier, this case involves a two-vehicle collision. Both vehicles were traveling in the same direction on Ogden Avenue when the right front fender of the car being driven by the defendant struck the left rear of the plaintiff's motorcycle. Each party charged the other with negligence proximately resulting in the collision. Neither party introduced evidence of a cause of the collision other than the negligence of the other. Further, it is undisputed that the plaintiff suffered personal injuries as a result of the collision and the defendant's car was damaged. Nevertheless, the jury returned a verdict in favor of the defendant on the plaintiff's complaint and in favor of the plaintiff on the defendant's counterclaim. To do so, the jury must have determined both that the plaintiff either failed to prove that the defendant was negligent or failed to prove that her negligent acts were the proximate cause of his injuries and that the defendant either failed to prove that the plaintiff was negligent or that his negligent acts were a proximate cause of the damage to her vehicle. However, in the context of the facts of this case such a hypothesis is unreasonable. In the absence of any evidence of an intervening cause of the collision, one or both of the parties must necessarily have been negligent. Further, because there was but a single accident involving only two drivers, it would be impossible to find that the contributory negligence of both drivers was greater than 50% of the total proximate cause of the collision.

In the case of *Barrick v. Grimes*, 308 Ill. App. 3d 306, 720 N.E.2d 280 (1999), the Fourth District of the Appellate Court was faced with a factual circumstance quite similar to this case. *Barrick* involved a negligence action resulting from a collision at a controlled intersection between a car driven by the plaintiff and a truck driven by the defendant. The plaintiff sued the defendant seeking damages for personal injury and property damage. The defendant filed a counterclaim against the plaintiff also grounded in allegations of negligence, seeking a recovery for property damage. The evidence was conflicting as to which driver entered the intersection in violation of a red light. *Barrick*, 308 Ill. App. 3d at 307. As in this case, the jury returned a verdict for the defendant on the plaintiff's complaint and in favor of the plaintiff on the defendant's counterclaim. However, unlike this case, the trial court denied the plaintiff's posttrial motion based on inconsistent verdicts. *Barrick*, 308 Ill. App. 3d at 309. In affirming the trial court, the *Barrick* court found that the verdicts were not inconsistent, stating that the jury could have determined that neither

party proved that the other was negligent or that each failed to prove that the other's negligence was a proximate cause of the damages for which they sought recovery. The court went on to state that the jury may well have felt that the evidence of which vehicle had the green light was so conflicting, inconclusive, and unsatisfactory that it could not determine which party was negligent. *Barrick*, 308 Ill. App. 3d at 310.

■ We most respectfully decline to follow the reasoning of the *Barrick* court. Either the plaintiff or the defendant entered the intersection in violation of a red light and, as a consequence, one or the other of the parties was negligent as there was no evidence of any other cause of the collision. If the jury was unable to determine which of the parties was negligent, a mistrial should have been declared and a new trial ordered. We believe that the jury's verdicts finding neither party negligent are irreconcilably inconsistent.

Similarly, we are at a loss to reconcile the jury's verdicts in this case. Either the plaintiff was negligent when he turned in front of the defendant's vehicle or the defendant was negligent in the manner in which she changed lanes, or both. In the absence of evidence of any other cause of the collision, there is simply no other possibility. As a consequence, finding neither party at fault is against the manifest weight of the evidence, as one of the parties had to have been 50% or more at fault.

Based upon the foregoing analysis, we find that the trial court did not abuse its discretion when it set aside the jury's verdicts and ordered a new trial. Accordingly, we affirm the trial court's judgment and remand this cause to the circuit court for further proceedings.

Affirmed and remanded.

HARTMAN and SOUTH, JJ., concur.