## W. J. Renken et al., Appellees, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

1. RAILROADS—*fires communicated by locomotive.* In an action against a railroad company for damages arising from a fire alleged to have been communicated by a locomotive engine, it is significant if the railroad company defendant fails to introduce any evidence upon a question of which it peculiarly has knowledge.

2. RAILROADS—*fires communicated by locomotive.* *Held,* that in the absence of evidence by the defendant as to the condition of the appliance for preventing the escape of sparks and fire on the day when the fire in question occurred, coupled with the uncontroverted evidence on behalf of the plaintiffs that at the time of the fire the engine in question was emitting a large volume of smoke while hauling a lightly loaded freight train on a down grade, and that the fire was communicated at a point 100 feet from the track upon which said engine was being operated, warranted the jury in finding that the *prima facie* case made by the plaintiffs was not overcome by the defendant.

3. INSTRUCTIONS—*must be predicated upon the evidence.* An instruction is properly refused which is not predicated upon any evidence in the record.

4. EVIDENCE—*when failure to strike out will not reverse.* In the absence of any showing that the complaining party insisted upon any ruling by the court on a motion to strike out an answer of a witness as irresponsive, a reversal will not be ordered.

Action commenced before justice of the peace. Appeal from the Circuit Court of Adams county; the Hon. A. AKERS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910. Rehearing denied June 28, 1910.

MATTHEW F. CARROTT, and VANDEVENTER & WOODS, for appellant; J. A. CONNELL, of counsel.

GOVERT & LANCASTER, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In this action originally instituted before a justice of the peace, the plaintiffs recovered a verdict and judgment against the defendant in the circuit court of Adams county for $150, as damages to their meadow and pasture alleged to have been occasioned by fire communicated from a locomotive engine operated by the servants of the defendant.

On November 28, 1907, being Thanksgiving Day, a freight train of defendant en route from Quincy to Galesburg passed on the right of way of the defendant through the plaintiffs' lands shortly after 3 o'clock in the afternoon. The train was lightly loaded and was being hauled by engine No. 2111, one of a large type of freight engines then in use by the defendant. From Paloma, being the next station west of plaintiffs' land going easterly through plaintiffs' land, the track of defendant was on a down grade. It is uncontroverted that as the engine passed through plaintiffs' land smoke in large volume was being emitted from its smoke stack. After the engine had passed the point where the fire occurred, and before the entire length of the train had passed said point, the fire in question was discovered in plaintiffs' meadow and the uncontradicted evidence excludes every reasonable hypothesis that such fire was communicated from any source other than defendant's engine. The evidence bearing upon the question of the amount of damages, while conflicting, is of such character as to make the verdict of the jury on that issue in the case conclusive upon this court. The remaining material question of

fact involved is whether or not the evidence offered on behalf of the defendant tending to show that its engine was equipped with the best and most approved appliances for preventing the escape of sparks and fire, and was in charge of an experienced and careful engineer, who then carefully handled and operated it, was sufficient to overcome the *prima facie* case made by the plaintiffs. While it is clearly established by the evidence that said engine was properly equipped with the best and most approved appliance to prevent the escape of sparks and fire on November 20, 1907, when said engine was inspected for the purpose of ascertaining whether or not said appliance was in good condition, and it further appears from the evidence that a like examination of said engine was made on December 2, following, when it was found to be in like good condition, the record is wholly barren of any substantial evidence tending to show the condition of the engine in that respect at the time of the fire, or at any time either before or after said fire other than above stated. Whether or not the appliance in said engine to prevent the escape of sparks and fire had been repaired during the time intervening between November 20, 1907, and December 2, following, was a matter wholly within the knowledge of the defendant and its failure to introduce any evidence upon that question is significant. St. L. & W. R. R. Co. v. Needham, 105 Ill. App. 25. The absence of evidence by the defendant as to the condition of the appliance for preventing the escape of sparks and fire on the day when the fire occurred, coupled with the uncontroverted evidence introduced on behalf of the plaintiff, that at the time of the fire the engine in question was emitting a large volume of smoke while hauling a lightly loaded freight train on a down grade, and that the fire was communicated at a point 100 feet from the track upon which said engine was being operated, warranted the jury, in our opinion, in finding that the *prima facie* case made by the plaintiffs was not overcome by the defendant.

The second and third instructions given at the instance of the plaintiffs omit the requirement that the facts necessary

to establish a *prima facie* case for the plaintiffs must be determined by the jury from the evidence, but in view of the fact that a *prima facie* case for the plaintiffs was clearly established by the evidence, and the further fact that other instructions given at the instance of both parties explicitly informed the jury that it was incumbent upon plaintiffs to establish such *prima facie* case by a preponderance of the evidence, the omission indicated could not have harmed the defendant. In other respects said instructions state the law applicable to the case with substantial accuracy. I. C. R. R. Co. v. Bailey, 222 Ill. 480.

The 13th and 23rd instructions tendered by defendant and refused by the court were properly refused, because there was no evidence in the record which justified them, and if given they would have led the jury into fields of pure conjecture and speculation.

The 16th instruction offered by the defendant and refused by the court was an inaccurate statement of the law applicable to the case. The *prima facie* case made by the plaintiffs could only be rebutted by proof of facts relative to the equipment and operation of the engine, as heretofore indicated, and not by proof of the exercise by the defendant of reasonable care in general to prevent the escape of fire from its engines.

In so far as the 26th instruction tendered by the defendant and refused by the court stated a correct rule of law applicable to the case, it was sufficiently covered by other instructions given to the jury at the instance of the defendant.

In rebuttal, after the close of defendant's evidence, plaintiffs sought to show by defendant's record of inspection of spark arresters kept at its roundhouse in Galesburg, which record was in part offered and admitted in evidence at the instance of the defendant and designated as "Exhibit C," that the spark arrester on said engine had on December 20, 1906, been officially inspected and noted as in "bad condition;" and also that said record contained the further notation "repaired spark arrester." By the same record plaintiffs also offered to show a notation therein under date of April 30, 1907, referring to the same engine, as follows:

"Netting taken out acct. steam pipes leaking." Plaintiffs then also offered a portion of defendant's record of inspection of ash pans, etc., with some notations therein under date of October 17, 1907, the purport of which notations does not appear in the record. Counsel for plaintiffs then further inquired of the witness Thomas Moran, the netting and ash pan inspector of defendant's engines at Galesburg, and who had theretofore testified as a witness for the defendant, whether or not the spark arresting device in said engine had been removed and then replaced sometime previous to November 28, 1907, and after December 20, 1906, and further, whether or not on April 30, 1907, the spark arrester was removed from said engine. To the offers of proof so made by counsel for plaintiffs, and to the questions so propounded by them to the witness Moran, the defendant interposed its objections and such objections were sustained by the court. It is urged by defendant that the mere offer on the part of plaintiffs of the said records for the purposes mentioned, and the said interrogatories propounded to the witness Moran, operated to its prejudice in bringing to the attention of the jury matters which were wholly incompetent and irrelevant. The record discloses that the engine in question was new on December 19, 1906, and that counsel for defendant made much of that fact, and the further fact that said engine was built by well known, competent and expert builders and constructors of engines and the most approved spark arresting appliances, as tending to show that the engine in question was less likely to get out of order and require repairs than engines of earlier construction and longer service. In this state of the record we think the rulings of the trial court in the respects indicated were more favorable to defendant than it was entitled to.

It is further urged that the court improperly failed to pass upon a motion interposed by defendant to strike out an answer of the witness W. J. Renken, called on behalf of the plaintiffs, which answer was improper and not responsive. In the absence of any showing that defendant insisted upon any ruling by the court on said motion, or that the court refused to rule on said motion and an exception by the defend-

ant to such refusal to rule by the court, the question sought to be raised is not properly preserved for review. We have considered the other errors assigned and argued by defendant, but find nothing therein which merits discussion. The record being free from any error which could have operated to the prejudice of defendant the judgment of the circuit court will be affirmed.

*Affirmed.*