**Elizabeth Ivy, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, and James R. Andrews, Defendants-Appellees.**

Gen. No. 47,374.

First District, Second Division.

October 27, 1959.

Rehearing denied November 18, 1959.

Released for publication November 18, 1959.

Joseph A. Rosin and Leo S. Karlin, of Chicago (Leo S. Karlin, of counsel) for plaintiff-appellant.

William J. Lynch, William S. Allen, Erwin Wright, and James E. Hastings, all of Chicago, for defendants-appellees.

JUSTICE KILEY delivered the opinion of the court.

This is a personal injury case with verdict and judgment for defendants. Plaintiff has appealed.

Plaintiff was injured September 22, 1953, after alighting from an eastbound CTA bus at a stop near the southwest corner of the intersection of Drexel Boulevard and 47th Street in Chicago. She had stepped off the bottom step of the side door of the bus

following two friends who had ridden with her. There is no dispute about her exercise of care as she stepped from the floor of the bus to the bottom treadle step, or as she held onto the door rail while stepping to the street with her left foot. The factual issue for the jury was what happened after she stepped off.

The only issue we need consider on this appeal is based on defendants' instruction #12, which plaintiff contends was prejudicially erroneous.

Plaintiff when injured was 5 feet 6 inches tall and weighed 230 pounds. She was wearing a gabardine top coat which she testified was caught in the bus door and that when the bus started she was "spun around" and thrown to the street and "saw" the bus run over her right ankle. The testimony of her corroborating occurrence witnesses was that her coat was caught and that the bus ran over her ankle. The testimony of her medical witnesses supported the theory of the bus running over her ankle.

However, there were discrepancies and improbabilities in the testimony for plaintiff. The corroborating witnesses were impeached in their testimony. The medical testimony for plaintiff was met by contrary medical testimony for defendants.

Plaintiff argues that where the manifest weight does not support, or where there is no evidence to support the defendants' theory, or where the testimony on which "it is sought to justify the verdict" is consistent with plaintiff's theory, we must hold that the verdict is against the manifest weight of the evidence. We are not persuaded by the argument, but we shall touch upon it as pertinent to the decisive question, although we shall not decide whether the verdict is against the manifest weight of the evidence.

■ Plaintiff's theory in pleading and testimony was that defendants were negligent in violating their duty of the highest degree of care in failing to have

253

safe equipment, and that as a consequence plaintiff was injured when her coat was caught in the automatically operated door. She had the burden of making this proof by credible testimony, and defendants were not required to have a theory or introduce evidence of a theory of the occurrence. Silva v. City of Hartford, 141 Conn. 126, 104 A.2d 210 (1954). This is not a res ipsa loquitur case. Defendants could rely upon the weaknesses in plaintiff's case arising from the discrepancies and improbabilities, Kuehne v. Malach, 286 Ill. 120, and risk an adverse verdict. Price v. Whisnant, 232 N. C. 653, 62 S.E.2d 56 (1950). Plaintiff claims that even if the jury had the right to reject plaintiff's theory of the occurrence, it had no right to conclude to a different theory not based on the evidence. The jury was not required to conclude to a different theory of the facts. It need only have decided not to accept as true the plaintiff's theory.

The decisive question in this case is the propriety of the following peremptory instruction given the jury by the trial court:

"If you believe from the evidence, under the instructions of the Court, that plaintiff was injured as a proximate result of her own act either in alighting from or after she alighted from the bus in question, and not as a proximate result of any negligence on the part of the defendants, then you should find your verdict in favor of the defendants."

At the close of all the evidence, plaintiff made a motion to take from the jury the issue of contributory negligence. The Court denied the motion, saying, "I don't think there is any contributory negligence to exclude from the jury," and "If it happened as a result of some act on her own part, it can happen without negligence on her part, such as falling down . . . ." Plaintiff assumes that the instruction implies contributory negligence in using the words "her own act."

254

She also complains that the term "negligence" in referring to defendants is inadequate as a standard of conduct owing from a common carrier.

■ We agree with plaintiff that the instruction gave the jury the right to find that any act of plaintiff, negligent or not, which proximately caused the injury, would bar a recovery if it found that the injury was not a proximate result of "any negligence" on the part of defendants. Plaintiff argues that the only "conduct" of a plaintiff that bars recovery is contributory negligence. We fail to see the merit of this argument. If a plaintiff's injury results proximately from his own non-negligent act, liability cannot be attributed to a defendant whose negligence was not the proximate cause of the injury.

Plaintiff also contends the instruction erroneously assumes there was evidence that the occurrence happened in some way other than that testified to by her witnesses. Defendants, to sustain the instruction, rely on Elmore v. Cummings, 321 Ill. App. 234. In that case, however, there was evidence, recited in the instruction, that plaintiff slipped and lost her balance or missed her footing. There is no such evidence here.

■ We have decided that the defendants were not required to have a theory. Should they have a theory, however, the instruction submitting it must be based on evidence, McClean v. Chicago G. W. Ry. Co., 3 Ill. App.2d 235, and this is a serious matter. Woods v. Chicago, B. & Q. R. Co., 306 Ill. 217.

■ There is no evidence that plaintiff's injury was proximately due to some act of her own. The post-occurrence statements used to impeach plaintiff's witnesses are not evidence of any fact in the case. People v. Dascola, 322 Ill. 473, 488; Hectus v. Chicago Transit Authority, 3 Ill.App.2d 439. Defendants state that something caused the fall; that plaintiff weighed 230 pounds; and that she was the "actor" slipping from

the bus. They argue here that the jury was entitled to infer from this evidence, having disbelieved testimony for plaintiff, that some act of plaintiff's caused the injury. If the bus doors did not cause the injury, they say, her own act must necessarily have done so. This they claim is sufficient basis for the instruction.

Applying the prima facie case test, as used in a motion for a directed verdict, we fail to find any evidential support for the theory. No inference drawn favorably for defendants from the facts will support a finding that plaintiff did "any act" after alighting which caused her to fall and injure her ankle. The gap in the theory is between her alighting safely from the bus and her injury. There is no basis in the evidence for any legal inference to fill this gap. McGill v. George, 347 Ill. App. 6. To round out the defense theory requires conjecture and surmise. Renken v. Chicago, B. & Q. R. Co., 156 Ill. App. 65. The peremptory instruction gave the jury too free a rein and too wide a range for their verdict. We have no alternative but to reverse the judgment because of the prejudicial error in the giving of instruction #12.

The judgment is reversed and the cause is remanded for a new trial. We shall not consider any other points raised.

Reversed and remanded.

MURPHY, P.J. and LEWE, J., concur.