John M. Krump, as Trustee Under Trust No. A–1, Appellant, v. Highlander Ice Cream Co., a Corporation, Thomas J. Boyd, Sarah E. Barnett, and National Ice Cream Co., a Corporation, Appellees.

Gen. No. 48,169.

First District, First Division.

March 13, 1961.

103

Clausen, Hirsh, Miller & Gorman, of Chicago (Jerome H. Torshen and R. L. Huszagh, of counsel) for appellant.

Joseph A. Bailey, of Chicago (Harry J. O'Kane, of counsel) for Highlander Ice Cream Co., Thomas J. Boyd, and National Ice Cream Co., defendants-appellees; George F. Barrett, of Chicago (Leo M. Tarpey, Jr., of counsel) for Sarah E. Barnett, defendant-appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff sues for damages to his building, which resulted from a collision of two automobiles, one of which struck the building. At the close of plaintiff's case, the court directed verdicts in favor of all defendants and entered judgments accordingly. Plaintiff appeals from the judgments and the denial of his motion for new trial.

The single issue is whether the plaintiff, by showing the collision of the two vehicles, and that one of them struck his building, made a prima facie case of negligence against both defendants sufficient to require them to go forward with their proof.

Plaintiff introduced proof of the damage to his building and read an agreed statement to the jury as follows:

"That an automobile driven by the defendant, Sarah E. Barnett, had a collision with a delivery truck, owned by the defendant, National Ice Cream Company, and driven by the defendant, Thomas J.

Boyd, on June 24, 1958, in the intersection of 75th Street on Indiana Avenue, in Chicago, Cook County, Illinois.

"That immediately following the collision of the aforesaid vehicles, the automobile driven by Sarah E. Barnett, collided with and caused damage to the building located at 201–209 East 75th Street, Chicago, Cook County, Illinois, and this included the plate glass."

Plaintiff then rested. The court sustained defendants' motions for directed verdicts on the ground that "There has been no evidence in the case as to who of the two were guilty of any negligence, no showing of any negligence on the part of the defendants. . . . There would be no way, from the evidence introduced so far, for the jury to find against either one or the other or both defendants for the plaintiff."

■ We agree with defendants that the mere happening of an accident, together with the exercise of ordinary care by plaintiff, does not raise any presumption of negligence on the part of the defendants (Chicago City Ry. Co. v. Rood (1896), 163 Ill. 477, 481, 45 N.E. 238; Brown v. Boyles (1960), 27 Ill. App.2d 114, 124, 169 N.E.2d 273); also, that the doctrine of res ipsa loquitur cannot be invoked where there is divided responsibility (Roberts v. City of Sterling (1959), 22 Ill. App.2d 337, 345, 161 N.E.2d 138). We agree also that conjecture cannot form a basis of liability, and that defendants are not required to introduce evidence or have a theory of the occurrence. Ivy v. Chicago Transit Authority (1959), 23 Ill. App.2d 251, 254, 161 N.E.2d 881.

■ ■ We do not agree with defendants' contention, however, that where two vehicles collide, thereby injuring an innocent party, no presumption of negligence arises against the owners or operators of the vehicles. On the contrary, we believe a presumption of negligence does arise when the occurrence is shown

105

to proceed from a performance of acts of such character, that when due care is taken, no injury ordinarily results from it. An automobile properly operated does not, under normal conditions, collide with another automobile or strike a building. Where two automobiles collide, under normal conditions, it will be presumed that the collision occurred from the negligent operation of one or both colliding automobiles. (Turner v. Cummings (1943), 319 Ill. App. 225, 48 N.E.2d 225; Herold v. Weitzenfeld (1953), 351 Ill. App. 193, 114 N.E.2d 462.) When one of these two colliding automobiles then collides with a building, negligence is demonstrated, and the damages, if any, are a result of the negligence of one or both operators.

If these vehicles were run as usual, plaintiff's building would not have been damaged. "Where an accident occurs under circumstances where ordinarily no accident would occur, there is a presumption of defendant's negligence." (Herold v. Weitzenfeld, 351 Ill. App. 193, 114 N.E.2d 462.) The facts of the instant collision are within the knowledge of the defendants and not the plaintiff, and if one or the other operator was not negligent, the burden is on the non-negligent operator to make the required proof of exculpation. (Turner v. Cummings, 319 Ill. App. 225, 227, 48 N.E.2d 225.) The evidence submitted by plaintiff, although meager, standing alone and considered to be true, together with the legitimate inferences to be drawn therefrom most favorable to plaintiff, tended to prove the elements of an action. (Pearlman v. W. O. King Lumber Co. (1939), 302 Ill. App. 190, 23 N.E.2d 826.) Plaintiff has been damaged and should be paid the amount of his damages.

We believe plaintiff made out a prima facie case of defendants' negligence and, therefore, was not required to submit evidence as to which of the defendants was guilty of any negligence. The only

question for the jury to decide is which one of the defendants is guilty, or all, and the amount of the damages. The motions for a directed verdict should have been denied.

For the reasons given, the judgments in favor of all defendants are reversed and the cause remanded for a new trial in accordance with the opinions expressed herein.

Reversed and remanded.

KILEY, P. J. and BURMAN, J., concur.