Docket No. 99625–Agenda 23–May 2005.

 TOMMIE REDMOND, Appellee, v. ELAINE SOCHA, Appellant.

Opinion filed October 6, 2005.

JUSTICE GARMAN delivered the opinion of the court:

On July 4, 2001, near the corner of Ogden Avenue and California in Chicago, the car driven by defendant/cross-plaintiff Socha collided with the rear of a motorcycle driven by plaintiff/cross-defendant Redmond, injuring Redmond and damaging Socha’s car. In the litigation that followed, no evidence was presented by either party of any cause or contributing factor other than the alleged negligence of the other party. The weather was good; the pavement was dry and clean; no other vehicles were involved; and no mechanical failure caused either vehicle to malfunction. The jury returned a verdict in favor of Socha on Redmond’s complaint and in favor of Redmond on Socha’s counterclaim. The trial court entered judgment on the verdicts. Following a hearing on Redmond’s posttrial motion, the trial court found that the verdicts were against the manifest weight of the evidence because there was no evidence of any intervening cause of the accident and, thus, it was “not logically possible to find that an accident occurred without [its] being anyone’s fault.”

The appellate court affirmed, concluding that the verdicts were “irreconcilably inconsistent.” 352 Ill. App. 3d 1049, 1055. The appellate court rejected the approach taken by the Fourth District in a factually similar case, 
Barrick v. Grimes
, 308 Ill. App. 3d 306 (1999). Thus, there is an apparent split of opinion among the appellate districts. We granted leave to appeal pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315) to determine whether, in such a case, a new trial must be granted because the verdicts are legally inconsistent. We have permitted the Illinois Trial Lawyers Association to file a brief 
amicus curiae
 on behalf of plaintiff. 155 Ill. 2d R. 345.

BACKGROUND

Both vehicles were traveling in the same direction when they collided. According to Redmond, he was changing lanes from the right lane to the left lane when Socha’s car, which had been traveling in the right lane behind two other motorcycles, “shot” from behind the other cycles and came up behind him in the left lane. According to Socha, she was already in the left lane when Redmond swerved in front of her. In either event, she was unable to stop in time to avoid hitting him. The right front fender of her car hit the left rear of his motorcycle.

Each party alleged that the negligence of the other was the proximate cause of the accident. As noted, neither party introduced evidence of any factor that might be seen as an intervening cause. Both parties introduced evidence of damages. Redmond claimed medical expenses in excess of $25,000. Socha’s claimed automobile repair costs were in excess of $7,000. Both parties raised the defense of comparative negligence.

The trial court instructed the jury according to Illinois Pattern Jury Instruction No. B21.04 (Illinois Pattern Jury Instructions, Civil, No. B21.04 (1995) (hereinafter IPI Civil (1995)) that, because the case involved both a claim and a counterclaim, there were four possible outcomes. The jury could find: for the plaintiff and against the defendant (IPI Civil (1995) No. B21.04(3)), for the defendant and against the plaintiff (IPI Civil (1995) No. B21.04(4)), against both (IPI Civil (1995) No. B21.04(5)), or for both (IPI Civil (1995) No. B21.04(6)). The jury was further instructed that to prevail on his or her claim, each party had the burden of proving three propositions: an act or failure to act that constituted negligence, injury, and proximate cause. IPI Civil (1995) No. B21.02. In addition, the term “burden of proof” was defined for the jury in accordance with Illinois Pattern Jury Instruction No. 21.01: “When I say that a party has the burden of proof on any proposition, or use the expression ‘if you find,” or ‘if you decide,’ I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.” IPI Civil (1995) No. 21.01. Finally, in the event that both parties were found negligent, the jury was instructed to apportion fault between them. IPI Civil (1995) No. B21.04(22).

The jury returned verdicts under the third option–against Redmond on his claim and against Socha on her counterclaim. Following the trial court’s entry of judgment, Redmond filed a motion for judgment notwithstanding the verdict in which he argued,
 inter alia
, that the verdicts indicated that the “jury clearly feels that both the parties were equally at fault.” The jury, according to Redmond, mistakenly utilized verdict forms C and F (finding neither party negligent) rather than verdict forms B and E (finding both parties negligent). Redmond argued that the verdicts were “clearly inconsistent” because they failed to apportion 100% of the fault between the parties. The motion was accompanied by an affidavit from Redmond’s attorney in which he stated that he was “advised by the jurors” that they used verdict forms C and F because they “thought both parties were at [
sic
] equally at fault, and therefore, entitled to money.” Redmond’s motion sought entry of judgment in favor of both parties on the question of liability, with a new trial on the issue of damages. Alternatively, he requested that the verdicts be set aside and a new trial be held on all issues.

Socha’s answer to the posttrial motion included a statement that her counsel “was present with” Redmond’s attorney “when at least three of the jurors explained that it was felt that neither party sustained their burden of proofs and this is the reason they decided the case as they did.” Socha argued that the totality of the evidence at trial did not so overwhelmingly favor Redmond that the jury verdicts should be set aside.

Redmond filed a response to the answer accompanied by an additional affidavit. His attorney stated in the second affidavit that the three jurors who spoke in the presence of both attorneys actually stated that the “reason for the verdict is because the jurors could not agree as to whom [to] award damages.”

At the hearing on the motion, the trial court indicated its understanding that the pending motion was a motion for a new trial and/or a motion for judgment notwithstanding the verdict. Redmond’s attorney then argued that because the verdict forms required an apportionment of liability totaling 100%, it was “clear that the jury either didn’t want to . . . decide the case or were lazy or just didn’t get it.” He also argued that “the only logical interpretation” of the verdicts was that the jury found the parties equally at fault and used the incorrect verdict forms, perhaps because “they didn’t care.” He asked the trial court to enter judgment notwithstanding the verdict apportioning fault 50% to each party, with a new trial on damages only, or, in the alternative, to grant a new trial. Socha’s attorney argued that the verdicts stood for the simple proposition that the jury found that neither party had satisfied his or her burden of proof on all of the elements of the negligence claim.

 The trial court denied Redmond’s motion for judgment 
n.o.v.
, finding that all of the evidence, when viewed most favorably to Socha, the nonmoving party, did not so overwhelmingly favor Redmond that a verdict in Socha’s favor could never stand.

As for the motion for a new trial, the trial court stated that “events don’t happen without being caused by some act or omission.” Because there was no evidence presented of any intervening cause, the “only two possible causes of this accident” were the acts or omissions of Redmond and Socha. Because “[s]omebody has to be at fault,” the court was “unable to see how a rational trier of fact could come up with nobody’s entitled to anything.” The court explained further that “in this closed universe of facts . . . there has to be a logical result,” and “the jury has to make a choice.” In the end, the trial court granted the motion for a new trial, stating that “[s]omebody has to be at fault. Somebody is entitled to damages in some amount.”

On appeal, Socha argued that the two verdicts were neither against the manifest weight of the evidence nor inconsistent. Her position was that the jury could have found that each party failed to meet its burden of proof. 352 Ill. App. 3d at 1053. The appellate court concluded, however, that “in the context of the facts of this case such a hypothesis is unreasonable,” because, “[i]n the absence of any evidence of an intervening cause of the collision, one or both of the parties must necessarily have been negligent.” 352 Ill. App. 3d at 1054.

In reaching this result, the appellate court rejected the reasoning employed in 
Barrick
, a case in which the parties were the drivers of a car and a truck that collided in an intersection. The evidence was conflicting as to which driver violated a red light. 
Barrick
, 308 Ill. App. 3d at 307. The jury reached verdicts against both claimants and the trial court denied a posttrial motion based on inconsistent verdicts. 
Barrick
, 308 Ill. App. 3d at 309. The appellate court found that the verdicts were not legally inconsistent because the jury could have found that neither party met its burden of proof on the issues of negligence or proximate cause. 
Barrick
, 308 Ill. App. 3d at 310. In addition, the 
Barrick
 court noted that the jury “may well have felt that the evidence of which vehicle had the green light was so conflicting, inconclusive, and unsatisfactory that it simply could not determine from the evidence presented which party was negligent.” 
Barrick
, 308 Ill. App. 3d at 310.

In the present case, the appellate court declined to follow this reasoning and found the two verdicts “irreconcilably inconsistent.” 352 Ill. App. 3d at 1055. The court stated that if “the jury was unable to determine which of the parties was negligent, a mistrial should have been declared and a new trial ordered.” 352 Ill. App. 3d at 1055. The appellate court further observed that because the total fault of the parties in this case must equal 100%, and it would have been impossible for both parties to have been more than 50% negligent, it was against the manifest weight of the evidence for both claims to fail. In sum, the appellate court held that the trial court did not abuse its discretion when it ordered a new trial based on its determination that the jury’s verdicts were against the manifest weight of the evidence. 352 Ill. App. 3d at 1055.

THE RECORD ON APPEAL

According to Redmond’s answer to Socha’s petition for leave to appeal, when the jury originally returned with verdicts finding both parties not negligent, the trial court sent the jurors back to deliberate further, saying that the verdicts were inconsistent. Nevertheless, the jury again returned verdicts finding neither party negligent. This continued adherence to the two verdicts might be viewed as support for Socha’s contention that the jury was not confused or lazy, but rather reached these verdicts based on a careful consideration of the evidence and a conclusion that neither party had met its burden.

Similarly, according to a footnote in Socha’s petition for leave to appeal, one of the jurors specifically pointed out to the trial judge before judgment was entered that this outcome was theoretically possible and the judge acknowledged this possibility. Socha suggests, based on this exchange, that “[c]learly, the jury intended to return the verdicts as they did, and neither the trial court nor the appellate court held otherwise.”

We note, however, that the record provided to this court on appeal is incomplete. See 
Haudrich v. Howmedica, Inc.
, 169 Ill. 2d 525, 546 (1996) (as the burden of providing an adequate record on appeal is on the appellant, any doubts arising from an incomplete record must be resolved against the appellant). Because we are unable to determine from the record provided that further deliberation took place after the jury rendered its initial verdict, or, if additional deliberation did indeed take place, what instructions were given to the jury regarding the reason that further deliberation was necessary, we can give no weight to the jury’s apparent reaffirmation of these verdicts.

Similarly, the purported exchange between judge and juror is not documented in the partial record provided by Socha to this court. As the record on appeal does not disclose the content of this exchange, or when or under what circumstances it took place, it cannot be considered by this court.

STANDARD OF REVIEW AND ISSUES PRESENTED

The parties are in disagreement regarding the standard of review that should be applied in this appeal. Acknowledging the standard applied by the appellate court, Socha cites
 Mizowek v. De Franco
, 64 Ill. 2d 303, 310 (1976), for the proposition that a trial court may grant a new trial if the jury’s verdict is against the manifest weight of the evidence. “ ‘ “A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence.” ’ ” 
McClure v. Owens Corning Fiberglas Corp.
, 188 Ill. 2d 102, 132 (1999), quoting 
Maple v. Gustafson
, 151 Ill. 2d 445, 454 (1992), quoting 
Villa v. Crown Cork & Seal Co.
, 202 Ill. App. 3d 1082, 1089 (1990). Socha also acknowledges that once a trial court has applied this test and granted a new trial, a reviewing court will not reverse a trial court’s decision to grant a motion for a new trial unless it finds that the trial court abused its discretion. 
McClure
, 188 Ill. 2d at 132-33. Further, she notes that it would be an abuse of discretion to order a new trial if a verdict were supported by sufficient evidence. 
Kleiss v. Cassida
, 297 Ill. App. 3d 165, 175 (1998). Analogizing this “sufficient evidence” standard to the “reasonable hypothesis” standard applicable to claims of inconsistent verdicts (see 
Tedeschi v. Burlington Northern R.R. Co.
, 282 Ill. App. 3d 445, 448-49 (1996)), Socha asserts that a trial court abuses its discretion by granting a new trial on the basis of inconsistent verdicts if a reasonable hypothesis supports the verdicts.

She argues, however, that whether verdicts are legally inconsistent is a question of law and that the appellate court erred by not reviewing the trial court’s determination on this question 
de novo
. The case upon which she relies, 
P.R.S. International, Inc. v. Shred Pax Corp.
, 184 Ill. 2d 224, 233-34 (1998), does indeed state that questions of law are subject to 
de novo
 review. It does not, however, involve a claim of inconsistent verdicts, so it does not provide authority for Socha’s basic premise that this is a question of law.

Redmond and 
amicus curiae
 state that the authority relied upon by Socha is inapposite and that the appellate court correctly employed the abuse of discretion standard to determine that the granting of a new trial was proper. Redmond cites authority for the proposition that a reviewing court should defer to the trial court because the judge who granted the motion for a new trial “ ‘ “has the benefit of his previous observation of the appearance of the witnesses, their manner in testifying, and of the circumstances aiding in the determination of credibility.” ’ ” 
Maple
, 151 Ill. 2d at 456, quoting 
Buer v. Hamilton
, 48 Ill. App. 2d 171, 173-74 (1964), quoting 
Hulke v. International Manufacturing Co.
, 14 Ill. App. 2d 5, 47 (1957). “If the trial judge, in the exercise of his discretion, finds that the verdict is against the manifest weight of the evidence, he should grant a new trial; on the other hand, where there is sufficient evidence to support the verdict of the jury, it constitutes an abuse of discretion for the trial court to grant a motion for a new trial.” 
Maple
, 151 Ill. 2d at 456. “ ‘A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence.’ ” 
Maple
, 151 Ill. 2d at 454, quoting
 Villa
, 202 Ill. App. 3d at 1089.

Socha responds that determining whether two verdicts are legally inconsistent does not require the trial court to give any consideration to credibility. The trial court is not in any better position than a reviewing court to determine whether two verdicts are irreconcilable.

We suspect that the confusion surrounding the identification of the proper standard of review stems from two things. First, a standard of review applies to an individual issue, not to an entire appeal. Each question raised in an appeal is subject to its own standard of review. Thus, under Supreme Court Rule 341, the appellant is required to provide not only a “statement of the issue or issues presented for review,” but also “a concise statement of the applicable standard of review for each issue, with citation to authority.” 188 Ill. 2d R. 341(e)(3). Second, no Illinois decision, either from this court or the appellate court, has expressly stated that the determination of legal inconsistency is a question of law.

Before this court, the parties frame the issue as whether the trial court abused its discretion by granting a new trial. A more precise statement of the issues would be: (1) whether the IPI Civil Jury Instruction No. B21.04(5) is inapplicable in cases involving counterclaims in which there is no evidence of causation aside from the alleged negligence of the parties, (2) whether the verdicts in this case were legally inconsistent, and (3) whether the verdicts were against the manifest weight of the evidence. For reasons explained below, the first issue has been forfeited, the second is subject to 
de novo 
review, and the third is reviewed under an abuse of discretion standard only when the trial court actually engages in an exercise of discretion.

AFFIDAVITS FOR PURPOSE OF IMPEACHING THE JURY’S VERDICT

Before addressing these issues, we feel compelled to comment on Redmond’s reliance on affidavits of counsel as support for his posttrial motion. The motion was accompanied by an affidavit from his attorney stating that he had spoken with unidentified jurors after the trial. The attorney reported the jurors’ belief that the parties were equally at fault. Socha did not object to the admission of the affidavit, but challenged the accuracy of its contents. A second affidavit, filed with Redmond’s reply to Socha’s memo in opposition to the motion, reported that three unnamed jurors told Redmond’s attorney that they could not agree on who should be awarded damages.

These affidavits represent an attempt by Redmond to impeach the jury’s verdicts. Although this court has frequently addressed this issue in the criminal context (see, 
e.g.
, 
People v. Pitsonbarger
, 205 Ill. 2d 444, 467-69 (2002)), we have not discussed the attempted impeachment of a jury verdict via affidavit in a civil case since 
Chalmers v. City of Chicago
, 88 Ill. 2d 532, 534 (1982).

In 
Chalmers
, the plaintiff made claims of negligence and willful and wanton misconduct against the city after her car was hit by a police squad car. The jury awarded $1,705.99 in damages, which represented her medical expenses, no damages for her disability and pain and suffering, and $13,000 in punitive damages. In answer to a special interrogatory, however, the jury found that the officer who had been driving the squad car was not guilty of willful and wanton misconduct. The trial court entered judgment for the lesser amount only. 
Chalmers
, 88 Ill. 2d at 534.

In his closing arguments, Chalmers’s attorney had asked the jury to award total damages of $14,500 for her medical expenses plus her temporary disability and pain and suffering. Thus, the amount sought in noneconomic damages was approximately $13,000. 
Chalmers
, 88 Ill. 2d at 536. His posttrial motion sought one of several remedies: an order conforming the verdict to the apparent intention of the jury; reassembly of the jury so that its members could be polled to determine their intentions; an order for 
additur
; or a new trial solely on the issue of damages. 
Chalmers
, 88 Ill. 2d at 534. The motion was supported by affidavits of 11 of the 12 jurors (
Chalmers
, 88 Ill. 2d at 534), in which they explained that they had been confused by the verdict form and that it was their intention to award $13,000 in compensatory damages for disability and pain and suffering. 
Chalmers
, 88 Ill. 2d at 536. The trial court refused to alter the verdict or to grant a new trial. This court noted:

“It is well established in this State, and almost universally recognized, that a jury may not impeach its verdict by affidavit or testimony which shows the motive, method, or process by which the verdict was reached. [Citations.] Thus, it is impermissible to challenge a verdict following the jury’s discharge by explaining the basis for the jury’s findings [citation] or by asserting that the jury was mistaken.” 
Chalmers
, 88 Ill. 2d at 537.

After considering the plaintiff’s argument that the jurors’ affidavits should be deemed a competent basis for the correction of an error that was essentially clerical in nature, this court affirmed the trial court’s denial of the motion for a new trial based on its conclusion that:

“It is apparent to us that under the facts before us plaintiff seeks to impeach the verdict not because of a ‘clerical’ mistake in recordation but because of the jury’s misapprehension of the instructions or the effect of their findings. This type of impeachment is clearly impermissible.” 
Chalmers
, 88 Ill. 2d at 539.

Further:

“[T]he testimony or affidavits of jurors cannot be used to show that the jury misunderstood the instructions or the law [citation], [or] the effect of a particular finding or of their verdict. [Citations.] The meaning and effect of the verdict must be judged from its terms alone.” 
Chalmers
, 88 Ill. 2d at 539.

The law in Illinois is clear on the subject of the use of juror testimony or affidavits for the purpose of impeaching a verdict. Juror testimony or affidavits will not be admitted to show the motive, method, or process by which the jury reached its verdict, but may be offered as proof of the existence of improper extraneous influences on the jury. 
Pitsonbarger
, 205 Ill. 2d at 468. See also 
Carroll v. Preston Trucking Co.
, 349 Ill. App. 3d 562 (2004) (rejecting juror affidavits offered to support assertion that the jury used an impermissible quotient process to reach its verdict). This rule serves to protect not only the finality of judgments but also the privacy of the jury room.
 Pitsonbarger
, 205 Ill. 2d at 468. In addition, the inadmissibility of such affidavits protects jurors from being “ ‘ “harassed and beset by the defeated party” ’ ” (
Pitsonbarger
, 205 Ill. 2d at 468, quoting 
Tanner v. United States
, 483 U.S. 107, 120, 97 L. Ed. 2d 90, 106, 107 S. Ct. 2739, 2747 (1987), quoting 
McDonald v. Pless
, 238 U.S. 264, 267, 59 L. Ed. 1300, 1302, 35 S. Ct. 783, 784 (1915)), in an effort to have an unfavorable verdict set aside.

In the present case, the trial court was not presented with juror affidavits, but with affidavits from plaintiff’s counsel describing statements made to him by individual jurors. Opposing counsel disputed the accuracy of the description and offered her own version of the jurors’ statements. In the end, the trial court was faced with a swearing contest between attorneys that could have been resolved only by the testimony or affidavits of the jurors themselves. We see no reason to treat an attorney’s affidavit purporting to reveal jurors’ opinions on motive, method, or process any differently than juror affidavits. In both instances, the party proffering the affidavits is making an improper attempt to impeach the verdict and the jurors themselves, having done their civic duty, are subjected to questioning by a disappointed litigant.

We conclude that the contents of the affidavits could not properly be considered in ruling on the posttrial motion. We are unable to determine from the record how much weight, if any, the trial court gave to the affidavits. The appellate court made no mention of the affidavits in its opinion.

Because the affidavits impermissibly seek to impeach the jury’s verdict, this court will not consider the affidavits as we determine whether the verdicts were legally inconsistent or against the manifest weight of the evidence.

APPLICABILITY OF ILLINOIS PATTERN JURY INSTRUCTION No. B21.04(5)

At trial, Redmond tendered pattern jury instruction No. B21.04(5) verbatim, without asking the trial court to modify the instruction. Socha made no objection and the trial court gave the instruction as tendered. Redmond now argues that, under the facts of this case, instruction No. B21.04(5), which permits the jury to find against both the plaintiff and the counter-plaintiff, invites legally inconsistent and, therefore, impermissible verdicts. Socha argues that Redmond should not now be heard to challenge the applicability of the pattern instruction when he made no attempt to modify the instruction before it was given to the jury.

In support of her forfeiture argument, Socha cites 
Auton v. Logan Landfill, Inc.
, 105 Ill. 2d 537, 550 (1984), a products liability action in which, at trial, the plaintiff argued against a comparative negligence instruction but, on appeal, argued that a new trial was required because this court had recently applied comparative fault to a products liability claim. In 
Auton
, this court stated:

“A plaintiff cannot take the position on appeal that a case should have been presented to the jury with different instructions than those which were given unless at trial he tendered instructions which set forth the statement of the law he contends, on appeal, would have been the proper one.” 
Auton
, 105 Ill. 2d at 549.

Redmond’s brief does not respond directly to the forfeiture assertion, but asserts that “[r]egardless of the jury instructions submitted in this case, without evidence of any intervening cause, there is no other possible outcome” than a finding that either one or both of the parties were negligent. At oral argument, he stated that he submitted the most relevant pattern jury instruction available. Having submitted the proper instruction, he argued that he should not be penalized by application of the forfeiture doctrine when that instruction led to an unjust or illogical result.

We conclude that to the extent Redmond is now objecting to the instruction itself, he has forfeited this argument by failing to seek a modified jury instruction in the trial court. Because he did not ask for a modified jury instruction seeking to conform IPI Civil No. B21.04 to what the trial court later characterized as the “closed universe of facts” in this case, we cannot know whether Socha would have objected to a modified instruction or if the trial court would have allowed it. We, therefore, find that Redmond is barred by the doctrine of forfeiture from arguing to this court that the jury instruction itself was improper.

LEGALLY INCONSISTENT VERDICTS

Socha also argues that Redmond should not be heard to complain that the verdicts are legally inconsistent when it was his instruction that gave the jury the option of rendering such verdicts. She cites 
McGrath v. Chicago & North Western Transportation Co.
, 190 Ill. App. 3d 276, 279 (1989), for the proposition that it is “too late” to declare a mistrial “after the jury has already returned its verdicts.” In 
McGrath
, one plaintiff was a passenger in a car driven by her father, the other plaintiff, when she was injured. Defendant called the father as an adverse witness and questioned him about a settlement he reached with his daughter. The daughter objected to these questions and the trial court found that the questioning was improper. 
McGrath
, 190 Ill. App. 3d at 278. Plaintiff’s counsel moved for judgment against the defendant. The trial court stated that it would reserve judgment on the motion, which it characterized as a motion for mistrial, but counsel did not press the point or ask for an immediate ruling. 
McGrath
, 190 Ill. App. 3d at 278. After the jury returned with a verdict for the defendant, plaintiffs renewed the earlier motion. 
McGrath
, 190 Ill. App. 3d at 279.

The appellate court explained that a motion for mistrial is “a procedural tool designed to cut short a trial for legal reasons which preclude a verdict and judgment.” 
McGrath
, 190 Ill. App. 3d at 279. A motion for mistrial prevents parties from getting two chances at a verdict and, thus, can be made only before the jury returns its verdict. 
McGrath
, 190 Ill. App. 3d at 279. If the motion is not made before the verdict, the party seeking a new trial has waived the mistrial issue. 
McGrath
, 190 Ill. App. 3d at 279. The McGraths’ conduct, first in failing to ask for a ruling when the judge first referred to the possibility of a mistrial and, second, in failing to renew the motion (if indeed there was a mistrial motion to renew) before the jury verdict, constituted “waiver of mistrial as a basis for a new trial.” 
McGrath
, 190 Ill. App. 3d at 280.

McGrath
, therefore, does not stand for the proposition that a verdict can never be set aside and a new trial ordered once the jury in a civil case has reached a verdict. Rather, it stands for the proposition that an error at trial that would be a sufficient basis for declaring a mistrial must be asserted in a timely manner.

According to Black’s Law Dictionary, a “mistrial” is either a trial “that the judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings,” or a trial that “ends inconclusively because the jury cannot agree on a verdict.” Black’s Law Dictionary 1023 (8th ed. 2004). If a jury is deadlocked, a mistrial must be declared. When the jury returns a unanimous verdict, a motion for mistrial is untimely and inappropriate.

However, even when a jury has rendered a unanimous verdict, making a motion for mistrial improper, a party may still seek a new trial on the basis of legally inconsistent verdicts or on the basis that the verdicts are against the manifest weight of the evidence. Such motions must necessarily be made after the jury has returned its verdict. See 
Joe & Dan International Corp. v. United States Fidelity & Guaranty Co.
, 178 Ill. App. 3d 741, 745-46 (1988) (motion for mistrial based on inconsistent verdicts is not timely because a motion for mistrial must be made before a verdict is entered; however, party’s motion for directed verdict and motion for new trial adequately preserved the issue of inconsistent verdicts for appeal). Thus, the appellate court was not entirely accurate when it stated that “[i]f the jury was unable to determine which of the parties was negligent, a mistrial should have been declared and a new trial ordered.” 352 Ill. App. 3d at 1055.

We conclude that Redmond did not forfeit his ability to seek a new trial on either of these grounds by submitting the jury instruction. The errors he asserts did not arise until the jury rendered its verdicts. These issues were preserved for appeal by his filing of a timely posttrial motion and were, therefore, properly considered by the trial court and the appellate court.

This court last considered the effect of legally inconsistent verdicts in the context of civil litigation in 
Wottowa Insurance Agency, Inc. v. Bock
, 104 Ill. 2d 311 (1984), in which the plaintiff insurance agency sued two individuals who were attorneys and officers of two businesses that owed it over $27,000. The agency proceeded under two alternative theories of liability. First, Wottowa claimed that defendants should be required to pay the debts of the corporations because they had personally guaranteed payment. Second, Wottowa alleged that the individuals had fraudulently induced the agency to grant extensions of credit to the businesses. 
Wottowa
, 104 Ill. 2d at 312-13. The jury found that the guarantee agreement was executed by the defendants in their capacity as corporate officers and, thus, created a corporate obligation rather than a personal obligation. As for the fraud count, the jury found that the defendants, as individuals, had committed fraud. 
Wottowa
, 104 Ill. 2d at 316.

Citing earlier decisions of the appellate court, this court stated that “[i]n the same action, where verdicts are returned which are legally inconsistent with each other, the verdicts should be set aside and a new trial granted.”
 Wottowa
, 104 Ill. 2d at 316. Because the jury had determined that the corporations were liable for the debt owed to Wottowa, it was legally inconsistent for the jury to also find that the individual defendants (as opposed to the corporation) were liable for fraud. This court found the two verdicts to be “irreconcilably inconsistent” (
Wottowa
, 104 Ill. 2d at 316) and ordered a new trial.

In 
Wottowa
, this court did not expressly state that it was engaging in 
de novo 
review. However, it is implicit in our analysis in 
Wottowa
 that legal inconsistency is a question of law. We relied on the law of agency to determine that the individual defendants could not be acting both as individuals and as officers of the debtor corporations when they signed the guarantee agreement. 
Wottowa
, 104 Ill. 2d at 316, citing 
Knightsbridge Realty Partners, Ltd-75 v. Pace
, 101 Ill. App. 3d 49, 53 (1981). Thus, the two verdicts–one of which found the defendants not liable because they were acting as agents of the corporations, and one of which found them liable as individuals for fraud for the same transaction–were legally inconsistent. In effect, the jury determined that agency both did and did not exist. This result is legally inconsistent. See also 
Boasiako v. Checker Taxi Co.
, 140 Ill. App. 3d 210, 212-13 (1986) (if same jury, on same set of facts and circumstances, reaches two different factual conclusions as expressed by their verdicts, such verdicts will not support a valid judgment unless they are reconcilable under an applicable rule of law).

We, therefore, hold that whether two verdicts are legally inconsistent is a question of law. As a result, a trial court’s order granting or denying a new trial based on a claim of legally inconsistent verdicts is subject to 
de novo
 review. 
P.R.S. International
, 184 Ill. 2d at 233-34. This conclusion is supported by the well-established principle that although a trial court’s ruling on a motion for a new trial will generally not be reversed absent an abuse of discretion, legally inconsistent verdicts must be set aside and a new trial granted. 
Tedeschi
, 282 Ill. App. 3d at 448. If a new trial 
must
 be granted upon a finding of legally inconsistent verdicts, no exercise of discretion is involved and, therefore, no deference is due.

We note at least two lines of cases on the question of legally inconsistent verdicts in civil cases. The first line of cases consists of those involving a single claim in which the single verdict is alleged to be internally inconsistent or “inherently self-contradictory” (75B Am. Jur. 2d 
Trial
 §1805, at 563 (1992)), as when the damages awarded are not reasonably related to the liability found. See, 
e.g.
,
 Galloway v. Kuhl
, 346 Ill. App. 3d 844, 850 (2004) (jury’s verdict imposing liability and awarding damages for disfigurement and pain and suffering was legally inconsistent with failure to award reasonable expenses of medical treatment received by plaintiff); 
Hinnen v. Burnett
, 144 Ill. App. 3d 1038 (1986) (jury’s verdict awarding damages for the expense of pain medication and physical therapy was inconsistent with failure to award any damages for pain and suffering).

The second line of cases involves those in which multiple claims are made by one or more parties and where a verdict as to one claim is alleged to be inconsistent with the verdict as to another. See, 
e.g.
, 
Wottowa
, 104 Ill. 2d at 316 (verdict in favor of defendants on basis that they were acting as agents of corporations was legally inconsistent with verdict that they were liable, as individuals, for fraud based on same transaction); 
Action Construction & Restoration, Inc. v. West Bend Mutual Insurance Co.
, 322 Ill. App. 3d 181, 183-84 (2001) (jury verdict finding that defendant breached oral contract necessarily required the jury to find that the parties had a meeting of the minds, which finding was legally inconsistent with verdict that defendant obtained plaintiff’s agreement by perpetuating a common law fraud). The present case falls into the second category.

In both categories of cases, the same general rules apply: the court will exercise all reasonable presumptions in favor of the verdict or verdicts, which will not be found legally inconsistent unless absolutely irreconcilable; further, the verdict or verdicts will not be considered irreconcilably inconsistent if supported by any reasonable hypothesis. 
Tedeschi
, 282 Ill. App. 3d at 448-49.

In the second category of cases, it has been observed that “[a]lthough causes of action may be consolidated for trial, they remain distinct causes of action.” 75B Am. Jur. 2d 
Trial
 §1805, at 562 (1992). Thus, “the plaintiff in each cause must meet his burden of proof with respect to each element of his claim, without regard to whether the opposing party has or has not met his burden of proof in the competing claim.” Further, “only when a judgment rests on some particular finding for its validity and support” will inconsistencies “between two findings treating of the same essential matter” necessitate a new trial. 75B Am. Jur. 2d 
Trial
 §1805, at 652 (1992). See also IPI Civil (1995) No. B21.04, Comment (“A plaintiff’s burden of proving the issues raised by the complaint cannot be distinguished from a defendant’s burden of proving the issues made by the counterclaim. The two pleadings are of equal dignity in that they embody separate causes of action and must be resolved by verdicts”).

Such was the case in 
Wottowa
, where the jury found in one count that defendants were not acting in their individual capacities, but as corporate officers, yet found, on the same set of underlying facts, that with regard to the other count, the same individuals were personally liable. 
Wottowa
, 104 Ill. 2d at 316.

Socha argues that, unlike the verdicts in 
Wottowa
, the verdicts in this case are not legally inconsistent because they are supported by the reasonable hypothesis that the jury found that both parties failed to meet their burden of proof. She argues further that the appellate court’s decision conflicts with the decision of another appellate district in 
Barrick
, and with a decision within the same appellate district in 
Boasiako
.

Support for her first proposition is found in the Illinois pattern jury instructions themselves. The applicable instruction in this case (IPI Civil (1995) No. B21.04) specifically authorizes such an outcome and incorporates the elements of negligence from instruction B21.02 (IPI Civil (1995) No. B21.02). Instruction 21.01, which was also given, defines burden of proof: the jury “must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.” IPI Civil (1995) No. 21.01. Socha argues that the appellate court’s decision in this case essentially means that instruction B21.04 does not accurately state the law in a case in which there is no evidence of an intervening cause or condition.

The approach taken by the appellate court would mean that in such cases, neither party has to meet the burden of proof by a preponderance of the evidence. So long as the parties are involved in an accident under conditions that do not clearly demonstrate an intervening cause, the jury would be required to impose liability on one, or the other, or both–without regard to whether they had met their respective burdens of proof. As the comment to the instruction makes clear, however, even when there is a complaint and a counterclaim based on the same set of facts, a party must prove each element of his or her claim in order to prevail. IPI Civil (1995) No. B21.04, Comment.

The approach taken by the appellate court in this case was rejected in 
Boasiako
, which involved a claim and counterclaim arising from a collision between two taxicabs. The jury found for the plaintiff, but determined that he was 40% at fault. However, on the counterclaim, the jury again found for the plaintiff. Because the same individual was found 40% at fault in one verdict, but not negligent in the other, defendants argued that the verdicts were legally inconsistent and could not stand. 
Boasiako
, 140 Ill. App. 3d at 212. The appellate court held that the two verdicts were reconcilable. Noting that the “principles of comparative negligence do not relieve [counter] plaintiff of proving by a preponderance of the evidence the essential elements of an action in negligence,” the appellate court determined that the jury could have decided that the defendants failed to prove one or more elements of their counterclaim, even though it had already decided that the plaintiff’s damages should be reduced by his comparative negligence. 
Boasiako
, 140 Ill. App. 3d at 213.

We agree and, therefore, conclude that because the law demands that a plaintiff meet the burden of proving every necessary element of his claim by a preponderance of the evidence, a jury may find against both the plaintiff and the counterplaintiff in a negligence action, even when the evidence suggests that the sole cause of the accident was the negligence of either or both parties.

The appellate court in the present case both overlooked its own previous decision in 
Boasiako
 and declined to follow the reasoning of the 
Barrick 
court. 352 Ill. App. 3d at 1055. In 
Barrick
, a collision between a car and a truck resulted in a claim by the driver of the car for personal injury and property damage and a counterclaim by the driver of the truck for property damage. 
Barrick
, 308 Ill. App. 3d at 307. After hearing conflicting testimony regarding which driver violated a red light, the jury entered verdicts for the defendant and the counterdefendant. 
Barrick
, 308 Ill. App. 3d at 309. The trial court denied Barrick’s motion for a new trial based on inconsistent verdicts and the appellate court affirmed. The verdicts were not inconsistent, according to the appellate court, because the jury could have determined that neither party proved its case. In addition, the jury might “well have felt that the evidence of which vehicle had the green light was so conflicting, inconclusive, and unsatisfactory that it simply could not determine from the evidence presented which party was negligent.” 
Barrick
, 308 Ill. App. 3d at 310. In the present case, the appellate court, without attempting to distinguish the two cases, described the 
Barrick 
verdicts as “irreconcilably inconsistent,” and stated that a new trial should have been ordered. 352 Ill. App. 3d at 1055.

At oral argument, Redmond attempted to distinguish 
Barrick
 from the present case on the basis that neither party in 
Barrick 
raised the defense of comparative negligence. Both claims were “all or nothing” and, as a result, the jury was asked to impose complete liability for the accident on one party or the other. In the present case, he argues that because the jury was offered the option of apportioning liability between the two parties, 
Barrick
 is not applicable.

We are not persuaded that this difference is significant. The appellate court in 
Barrick
 based its conclusion on how the jury might reasonably have viewed the evidence. The same rationale applies in the present case. Even though it is clear in the present case that 100% of the responsibility for the accident must rest, in some unknown proportion, upon either or both of the parties, it is still possible that the jury found the evidence “so conflicting, inconclusive, and unsatisfactory that it simply could not determine from the evidence presented” (
Barrick
, 308 Ill. App. 3d at 310), whether Redmond was negligent and, if so, to what degree, and whether Socha was negligent and, if so, to what degree.

We conclude that 
Barrick
 and 
Boasiako
 are consistent with each other and with this court’s decision in 
Wottowa
, and that these cases offer support for Socha’s position that the verdicts in this case are not legally inconsistent.

At oral argument, Redmond offered the additional authority of 
Millette v. Radosta
, 84 Ill. App. 3d 5 (1980), in support of his contention that someone must be found liable in this case. In 
Millette
, the plaintiff’s injuries were caused by the negligence of one or more of three defendants, one of whom counterclaimed against the other two. The trial court held, as a matter of law, that the plaintiff was not contributorily negligent and instructed the jury that it must find for the plaintiff and against one or more of the defendants. No verdict form was submitted that would have allowed the jury to find all three defendants not liable. 
Millette
, 84 Ill. App. 3d at 26. The jury found in favor of the plaintiff against all defendants and in favor of the counterplaintiff against the other two defendants. All defendants appealed. 
Millette
, 84 Ill. App. 3d at 7. The appellate court affirmed, noting that there was no evidence of any intervening cause or act of God and that “the real issue for the jury to determine was which of the defendants caused the [plaintiff’s] injury.” 
Millette
, 84 Ill. App. 3d at 26. The court posited that when two vehicles collide, “ ‘thereby injuring an innocent party,’ ” a “ ‘presumption of negligence’ ” arises. 
Millette
, 84 Ill. App. 3d at 26-27, quoting 
Krump v. Highlander Ice Cream Co.
, 30 Ill. App. 2d 103, 105 (1961). In such cases, the court stated, once the plaintiff has made out a 
prima facie
 case of negligence, the burden is on any nonnegligent defendant to “ ‘make the required proof of exculpation.’ ” 
Millette
, 84 Ill. App. 3d at 27, quoting 
Krump
, 30 Ill. App. 2d at 106.

Redmond offers 
Millette
 as authority for the proposition that, in the present case, verdicts in favor of both the defendant and the counterdefendant cannot stand. We find 
Millette
 distinguishable from the present case and from the line of cases involving claims and counterclaims of negligence. 
Millette
 involved a plaintiff who was found, as a matter of law, not to have contributed to his own injury. He made a 
prima facie
 case that his injuries were caused by the negligence of one or more of the three defendants. The present case involves only two parties, each of whom accuses the other of being primarily responsible for the accident.

Applying the case law from the line of cases involving two or more claims, we find that there are several reasonable explanations for the jury’s finding that neither the defendant nor the counterdefendant in the present case should be held liable, even in the absence of evidence of any intervening cause or condition for the accident. The jury could have found neither party credible and, thus, found the evidence so conflicting, inconclusive, and unsatisfactory that it could not find, by a preponderance of the evidence, that either party had made its case. The jury might have concluded that one of the parties was not negligent, but that he or she failed to meet the burden of proving that the other party was negligent. It is also possible that the jury found the relative fault of the parties to be more or less equal to their proportion of damages and decided to do rough justice by just leaving each party where it stood. In effect, the jury could have found that Redmond caused his own injuries and Socha caused the damage to her car.

We conclude that the jury’s verdicts are not legally inconsistent. According to Black’s Law Dictionary, a “legally inconsistent verdict” is one “in which the same element is found to exist and not to exist, as when a defendant is acquitted of one offense and convicted of another, even though the offenses arise from the same set of facts and an element of the second offense requires proof that the first offense has been committed.” Black’s Law Dictionary 1592 (8th ed. 2004). Another reference describes legally inconsistent verdicts as “two findings treating of the same essential matter.” 75B Am. Jur. 2d 
Trial
 §1805, at 652 (1992). In the present case, Redmond identifies no such essential matter that the jury in this case found to be proven in one action but not in the other. The same fact or element was not found in one verdict but not the other as would have been the case if the jury had found in favor of both plaintiff and counterplaintiff and found the same party 25% at fault in one verdict but 75% liable in the other. Such verdicts would, indeed, be legally inconsistent because the same fact would have been found both to exist and not to exist.

Redmond implicitly acknowledged that his argument was based on the application of logic to a hypothetical closed set of facts, not on the application of law to the actual evidence presented at trial. In his motion for judgment 
n.o.v.
, he stated: “In apportioning 100% of the fault for this collision, it is impossible for both Plaintiff and Defendant to be more than 50% at fault. Therefore, the only 
logical conclusion
 from the jury’s verdict is that the jury felt both parties were equally at fault.” (Emphasis added.) The trial court also focused on logic, rather than law, when stating that “in the closed universe of facts which were elicited in this trial, there 
has to be a logical result
. And the jury has to make a choice. It’s 
not logically possible 
to find that an accident occurred without [its] being anyone’s fault.” (Emphases added.)

There is, of course, no authority for the proposition that a verdict or verdicts in a civil case must be without any conceivable flaw in logic, only that they must be legally consistent. 
Tedeschi
, 282 Ill. App. 3d at 448-49. The verdicts in the present case may have been logically inconsistent in the abstract, that is, in the sense that when two parties are involved in an accident that occurs in the absence of any intervening cause, the accident must have been caused by the negligence of either or both. The verdicts are not, however, legally inconsistent because the jury did not find some essential matter proven in one claim but not proven in the other. Instead, the jury, dealing with the evidence presented rather than with abstract concepts, found neither claim proven.

We conclude that the trial court erred by granting a new trial on the basis that the jury verdicts were legally inconsistent. We note, however, that Redmond’s posttrial motion also sought a new trial on the basis that the verdicts were against the manifest weight of the evidence. This argument does not rest on a claim that the verdicts are legally inconsistent with each other, but rather stands on the assertion that they are not supported by the evidence presented at trial.

ORDER GRANTING NEW TRIAL

Thus, the question still remains whether a new trial is justified on the basis that the verdicts were against the manifest weight of the evidence. “ ‘A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence.’ ” 
Maple
, 151 Ill. 2d at 454, quoting 
Villa v. Crown Cork & Seal Co.
, 202 Ill. App. 3d 1082, 1089 (1990). In general, the determination of whether a new trial should be granted rests within the sound discretion of the trial court, whose ruling will not be reversed unless it reflects an abuse of that discretion. 
Maple
, 151 Ill. 2d at 455. “If the trial judge, in the exercise of his discretion, finds that the verdict is against the manifest weight of the evidence, he should grant a new trial; on the other hand, where there is sufficient evidence to support the verdict of the jury, it constitutes an abuse of discretion for the trial court to grant a motion for a new trial.” 
Maple
, 151 Ill. 2d at 456.

We must begin our consideration of this issue by observing that once a trial court determines that jury verdicts are legally inconsistent, whether to grant a new trial is not up to the trial court’s discretion. It is mandatory. 
Tedeschi
, 282 Ill. App. 3d at 448. In the present case, we are not reviewing an exercise of discretion because it is clear from the trial court’s comments that it believed it had no choice but to grant a new trial.

Even if we were to treat the trial court’s ruling on the motion as an exercise of discretion based on its assessment of the manifest weight of the evidence, we still must reverse. If the trial court had considered Redmond’s motion as a motion for a new trial based purely on the state of the evidence, rather than on the state of the verdicts, it would have been required to give substantial deference to the jury. “[I]t is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of the witnesses, and to decide what weight should be given to the witnesses’ testimony.”
 Maple
, 151 Ill. 2d at 452. The trial court, when ruling on a motion for a new trial, may not “reweigh the evidence and set aside a verdict merely because the jury could have drawn different inferences or conclusions, or because the court feels that other results are more reasonable.” 
Maple
, 151 Ill. 2d at 452. Thus, a trial court may not set aside a verdict merely to achieve “more reasonable” (
Maple
, 151 Ill. 2d at 452) results.

We, therefore, hold that the trial court’s order granting a new trial must be reversed because the verdicts are not legally inconsistent and because they were not against the manifest weight of the evidence.

CONCLUSION

The order granting a new trial is vacated and the appellate court judgment is reversed.

Appellate court judgment reversed;

circuit court order vacated and

 judgment reinstated.