> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2021[*]
Decided March 23, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1024

| | |
|---|---|
| HARRY BARNETT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| | |
| *v.* | No. 16 C 9335 |
| | |
| MENARD, INC., | Harry D. Leinenweber, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Harry Barnett sued Menard, Inc. for negligence, asserting that he was injured when several pieces of wood fell on his foot at one of its home-improvement stores. After a trial at which Barnett was represented by counsel, a jury found for Menards. Now proceeding pro se on appeal, Barnett argues that he deserves a new trial because Menards introduced at trial a safety policy that it failed to produce during discovery.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

He further argues that the verdict was against the manifest weight of the evidence and that he was entitled to a directed verdict because the judge found that he was not comparatively negligent. We affirm.

Barnett's suit arose out of an incident at a Chicago Menards store in September 2014. Barnett was selecting pieces of wood from the self-service lumber yard when thirteen two-by-fours fell off a lumber bunk, landing on his left foot. According to Barnett, he experienced ongoing pain in his left big toe after the incident. Believing that Menards's failure to properly secure the lumber caused his injuries, Barnett sued in state court. Menards removed the case to federal court based on diversity jurisdiction, *see* 28 U.S.C. §§ 1441(a), 1332(a)(1), (c)(1), and raised comparative negligence as an affirmative defense, asserting that Barnett's own negligence caused the accident.

During discovery, Menards did not produce a materials-handling policy that the judge later admitted at trial. Barnett, through counsel, had served interrogatories on Menards, one of which asked it to "[i]dentify the safety measures, if any" that it had in place to protect customers from falling items. Menards objected to the request on several grounds, including that the information sought was "proprietary and/or confidential," but it named "Policy & Procedure #99 – Material Handling." Barnett did not serve a request to produce the policy under Federal Rule of Civil Procedure 34 or file any discovery motions related to the policy, and Menards did not produce it. Menards then included a redacted version of the policy on its final trial exhibit list. In response to Menards's exhibit list in the final pretrial order, Barnett stated: "Plaintiff has no objections." Judge Leinenweber's instructions for pretrial orders explain that parties must state which exhibits they object to and "[a]ll exhibits not objected to will be automatically admitted, if offered." (Judge Bucklo, who handled the case until trial, has a similar instruction explaining that "[o]bjections not made in the final pretrial order will be deemed waived absent a showing of good cause.")

Barnett's counsel objected when Menards sought to introduce the redacted materials-handling policy at trial, stating that "we asked for this in our interrogatories, and they refused to provide it." The judge overruled the objection because it was not raised in the pretrial order and added, "it's too late to enforce discovery."

The parties presented conflicting evidence on the cause of Barnett's accident. Barnett called a safety expert who testified that, unlike other retailers in the industry, Menards did not use vertical retention devices to secure bunks of lumber. But on cross examination, the expert admitted that no national safety standards mandate the use of

such restraints. Barnett also testified that, after his accident, he demonstrated to staff how easy it was to knock lumber off the stacks by pushing five pieces off a stack with one finger. For its part, Menards presented testimony from a manager who was working at the store during the incident. The manager said that in 23 years of employment with Menards he had never previously heard of lumber falling on a customer or employee. He also discussed Menards's Policy 99, which required the use of "spacers" to maintain stability in stacks of lumber. During business hours, managers constantly patrol the store and correct any safety issues, he added.

Both parties also called medical experts who disagreed on whether Barnett was injured in the accident. Barnett's expert, a retired orthopedic surgeon who specialized in the lower back and spine and had not treated patients for over 20 years, testified that he examined Barnett and reviewed his medical records in connection with the lawsuit. He determined that Barnett suffered from arthritis, nerve irritation, and decreased range of motion in his big toe that were aggravated by the accident. Menards called an orthopedic surgeon who specializes in the foot and ankle and directed Rush University's foot and ankle program for almost 30 years; he reviewed Barnett's medical records and opined that Barnett did not suffer any severe injury from the accident, nor was there any evidence of arthritis or nerve abnormalities that the accident aggravated.

After the presentation of the parties' cases, the court entered a directed verdict for Barnett on the issue of comparative negligence, concluding that no reasonable juror could find that Barnett was responsible for the accident. But it denied Barnett's motion for a directed verdict on Menards's liability, sending that question to the jury.

The jury returned a verdict for Menards, and Barnett filed posttrial motions under Federal Rules of Civil Procedure 50(b) and 59. Barnett argued that the judge should not have admitted Policy 99 after Menards failed to produce it during discovery. He also maintained that he was entitled to judgment as a matter of law because the court found that he did not contribute to the accident and because the verdict was contrary to the manifest weight of the evidence. The judge denied the motions because Barnett objected to the policy too late, and Menards's negligence was not established as a matter of law.

On appeal, Barnett first repeats his argument about the safety policy. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Wehrle*, 985 F.3d 549, 553 (7th Cir. 2021). As a preliminary matter, we agree with Barnett that Menards violated discovery rules by seeking to use at trial a policy that it did not

produce during discovery. Although Menards asserts that it was not required to do so because Barnett never issued a separate request to produce the policy, Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to produce all documents it intends to use to support its case "without awaiting a discovery request." *See also* Fed. R. Civ. P. 26(e)(1)(A) (requiring parties to supplement incomplete disclosures). And, normally, a party who fails to produce a document during discovery is prohibited from introducing it at trial, *see* FED. R. CIV. P. 37(c)(1), a sanction that is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57 (7th Cir. 2003). Menards's violation was neither: It has provided no reason for failing to produce the policy other than, apparently, believing it was under no obligation to do so. And given the policy's centrality to whether Menards had reasonable safety practices in place at the time of Barnett's accident, we cannot say that the omission was harmless.

Luckily for Menards, the district court concluded that Barnett waived his objection by affirmatively stating in the pretrial order that he had no objections to any of Menards's exhibits. *See United States v. Olano*, 507 U.S. 725, 733 (1993). Enforcement of a final pretrial order is within the sound discretion of the district court. *Abellan v. Lavelo Prop. Mgmt., LLC*, 948 F.3d 820, 830 (7th Cir. 2020). Barnett received ample notice that Menards planned to introduce the policy at trial and has provided no good explanation for his failure to object before trial or move to compel production of the document. On the contrary, Barnett's reply brief suggests that the decision not to object was strategic— he proclaims that Menards's "refusal to produce anything during discovery was a boon" and "behooved" his case at trial. Indeed, in both his questioning and closing argument, Barnett's counsel focused on Menards's reticence and the missing policy; for example, on direct examination, counsel asked Barnett's safety expert whether it was "concerning" that Menards "had no specific policy and procedure for the safe handling of lumber and stacking of the boards." "It is not an appellate court's responsibility to rescue a party from a tactical decision that, in hindsight, he regrets." *Sanchez v. City of Chicago*, 880 F.3d 349, 360 (7th Cir. 2018). We therefore see no abuse of discretion in the court's decision to enforce the pretrial order and admit the policy. *See Dominguez v. Hendley*, 545 F.3d 585, 593 (7th Cir. 2008) (upholding admission of exhibit at trial where no objection was made in pretrial order).

Next, Barnett argues that the district court should have granted his Rule 50(b) motion for judgment as a matter of law because it had granted his motion for a directed verdict on comparative negligence. We review the court's denial of his motion de novo and will disturb the verdict only if no rational jury could have found for Menards.

*Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 601 (7th Cir. 2019). Barnett insists that, if he was not negligent, Menards must have been. But just because the court found that Menards did not meet its burden of proving Barnett's contributory negligence does not mean that Menards was negligent as a matter of law. Barnett still bore the burden of proving Menards's negligence. *See Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009); *Redmond v. Socha*, 837 N.E.2d 883, 897 (Ill. 2005) (under applicable Illinois law, "principles of comparative negligence do not relieve [plaintiff] of proving" his negligence claim). A reasonable jury could find that he did not meet his burden. Menards's manager testified about safety measures the store took to stabilize lumber, and Barnett's safety expert admitted that national safety standards do not require vertical restraints, evidence that could lead a reasonable jury to find Menards was not negligent. And, if it credited the testimony of Menards's medical expert, the jury could likewise have reasonably concluded that Barnett failed to prove an injury caused by the accident. *See Camp*, 553 F.3d at 505 (plaintiff bears burden of proving injury in negligence action). So the court did not err in denying Barnett's motion.

Finally, Barnett contends that the district court erred by denying his Rule 59 motion for a new trial because the jury's verdict was against the manifest weight of the evidence. He points to the strength of his safety expert's testimony and purported credibility problems with the manager who testified for Menards. We need not reach the merits of this argument, however, because Barnett waived it by failing to develop it before the district court. *See Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 974 (7th Cir. 2019). In his posttrial motions, Barnett identified only the admission of Policy 99 as grounds for a new trial. Despite the heavy burden on parties to show that a verdict is contrary to the manifest weight of the evidence, *see Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 313–14 (7th Cir. 2011), he cited no specific evidence demonstrating Menards's negligence. We will not consider the argument in the first instance.

AFFIRMED